SEARL *v.* RICHEY.

SEARL
v.
RICHEY.

When a cause was removed, under the R. S. 1843, from the judgment of a justice of the peace, by *certiorari*, it was the duty of the Court to examine the cause first as a Court of error only, and if no defects affecting the merits of the cause were apparent in the record of the justice's proceedings, to affirm the judgment, and certify the decision to the justice, &c., or render judgment for the amount of the justice's judgment and the costs taxed by him, &c.; but if defects affecting the merits of the cause were apparent in such record, it was the duty of the Court to reverse the judgment, and to retain the cause for trial on the merits, as in cases of appeals from the judgment of a justice of the peace.

ERROR to the *Marion* Circuit Court.

DAVISON, J.—*Richey* sued *Searl* before the mayor of the city of *Indianapolis*, upon a note for the payment of 65 dollars, and recovered a judgment. *Searl* prosecuted a writ of *certiorari*, and the proceedings in the case were accordingly certified to the *Marion* Circuit Court. Upon the hearing of the cause in the Circuit Court, *Searl* offered evidence to prove error in fact in the judgment set out in the transcript. This evidence was refused, and the Court proceeded to try the case alone upon the certified transcript. The judgment was affirmed, and judgment given for the amount recovered before the mayor, &c.

It is contended that the Court should have retained the case and heard it upon its merits as an appeal. That position is untenable. Where the judgment is reversed, it then becomes the duty of the Court to retain the cause for trial on the merits; but this was an affirmance. The statute relative to the proceeding by *certiorari* is very explicit. " If the judgment of the justice be affirmed, the Court shall render judgment against the plaintiff for the costs upon such writ, and order its clerk to certify the decision to the justice," &c., " or such Court may render judgment for the amount of the judgment before the justice and the cost taxed by him," and award execution therefor. R. S. 1843, c. 47, ss. 197, 198.

Again, it is insisted that the Court erred by the refusal to permit evidence of an error in fact. The statute referred

to provides, that "the cause may be brought to argument before the Court, on the motion of either party, without any assignment or joinder in error;" that "the Court shall proceed and give judgment in the cause, as the right of the matter may appear, without regarding technical or formal omissions or defects in the proceedings before the justice, which did not affect the merits." Sections 193, 194.

The construction of these provisions is not difficult. The cause is to be submitted to the Court, as a Court of error alone, upon the record sent up. No defects apparent on the face of the transcript are to be regarded, unless they be such as may have affected the merits of the cause upon the trial before the justice. Indeed there is nothing in the act which would seem to authorize the assignment of an error in fact, or the production of evidence in support of such error.

*Per Curiam.*—The judgment is affirmed with costs.

*R. L. Walpole*, for the plaintiff.

*J. L. Ketcham* and *N. B. Taylor*, for the defendant.